**Michael N. Zachary**, OSB #04120
Email:  michael.zachary@klarquist.com
**Michael P. Matesky II**, *Pro Hac Vice*
Email:  mike.matesky@klarquist.com
KLARQUIST SPARKMAN, LLP
600 University Street, Suite 2950
Seattle, WA 98101
Telephone:  206-264-2960
Facsimile:  206-624-2719

**Scott E. Davis**, OSB #02288
Email:  scott.davis@klarquist.com
KLARQUIST SPARKMAN, LLP
121 SW Salmon Street, Suite 1600
Portland, OR  97204
Telephone: 503-595-5300
Facsimile:  503-595-5301

*Attorneys for Plaintiff CollegeNET, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COLLEGENET, INC.,**<br>a Delaware corporation,<br><br>                              Plaintiff,<br><br>     v.<br><br>**THE COLLEGE NETWORK, INC.,**<br>an Indiana corporation,<br><br>                              Defendant. | Civil No. 08-CV-601-BR<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF COLLEGENET, INC.'S MOTION FOR EXPEDITED DISCOVERY AND EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER**<br><br>**EXPEDITED CONSIDERATION REQUESTED** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF COLLEGENET, INC.'S MOTION FOR EXPEDITED DISCOVERY AND EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER**
Case No. 08-CV-601-BR

I.      **INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff CollegeNET, Inc. ("CollegeNET") requests leave to take expedited discovery regarding personal jurisdiction prior to filing an opposition to Defendant The College Network, Inc.'s ("TCN") pending Motion to Dismiss or, in the Alternative, Transfer Venue (Dkt. No. 20), and an extension to the briefing schedule to allow for such discovery. More specifically, CollegeNET intends to serve written discovery on TCN, and to depose TCN and its Oregon-resident employee and contractors, regarding personal jurisdiction issues, and requests (a) that TCN be ordered to respond to written discovery regarding personal jurisdiction issues within twenty (20) days of service, (b) that discovery regarding personal jurisdiction issues not count against the discovery limits set forth in the Federal Rules of Civil Procedure or Local Rules, and (c) that CollegeNET be allowed to respond to TCN's Motion to Dismiss or Transfer on or before October 15, 2008 in order to accommodate jurisdictional discovery. CollegeNET also requests that the Court give expedited consideration to this motion in light of the upcoming date (August 8, 2008) for CollegeNET to respond to TCN's Motion to Dismiss or Transfer.

TCN has indicated that it opposes taking jurisdictional discovery and the associated extended briefing schedule proposed by CollegeNET. TCN has also indicated that it cannot state opposition or consent to CollegeNET's request (a) for expedited response times to jurisdictional discovery requests, or (b) that jurisdictional discovery requests not count against limits set forth in the Federal Rules of Civil Procedure and Local Rules, until CollegeNET serves such requests upon TCN. The discovery CollegeNET seeks is limited; CollegeNET seeks the production of

**MEMORANDUM IN SUPPORT OF PLAINTIFF COLLEGENET, INC.'S MOTION FOR EXPEDITED DISCOVERY AND EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER**
Case No. 08-CV-601-BR

Page 1

documents, responses to interrogatories, and no more than four depositions[1] on facts bearing on the personal jurisdiction issues raised by TCN's Motion to Dismiss or Transfer.

TCN's Motion to Dismiss or Tranfer was filed on July 18, 2008. CollegeNET's response otherwise would be due on August 1, 2008. However, the parties have agreed to a temporary extension of CollegeNET's response date to August 8, 2008, in anticipation of this motion, CollegeNET filed an unopposed motion to that effect on July 25, 2008, and the Court granted that motion on July 31, 2008. CollegeNET respectfully submits that the expedited discovery and associated extension requested in this motion would have only a minor impact on the overall schedule for this case.

This case is an action for trademark infringement and related causes of action in which CollegeNET alleges that TCN has infringed CollegeNET's trademark rights through the registration and use of four domain names that are confusingly-similar to CollegeNET's **COLLEGENET**® mark. (*See generally* First Am. Compl.) Headquartered in Portland, Oregon, CollegeNET provides online college application services, information regarding colleges, and financial aid services related to college admission. (*Id.* ¶¶ 1, 6-7.) TCN also provides college-related goods and services, including information regarding colleges, college courses, and college degree completion. (*Id.* ¶¶ 19-23.)

---

[1] CollegeNet intends to take the depositions of TCN, TCN's Oregon-resident employee, and TCN's two Oregon-resident contractors. CollegeNET expects the depositions of TCN's Oregon-resident employee and contractors to be relatively brief.

**MEMORANDUM IN SUPPORT OF PLAINTIFF COLLEGENET, INC.'S MOTION FOR EXPEDITED DISCOVERY AND EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER**
Case No. 08-CV-601-BR

Page 2

TCN brings its Motion to Dismiss or Transfer based on a number of factual allegations regarding TCN's contacts with Oregon. (*See* Def.'s Mem. at 1-14; Decl. of Glenn Cason.) The discovery sought by CollegeNET relates to these allegations, and to related information in the possession of TCN, TCN's employees, and TCN's independent contractors regarding TCN's contacts with Oregon, which CollegeNET expects will show more fully that TCN has continuous and systematic contacts with Oregon and purposefully avails itself of the jurisdiction of Oregon.

## II. ARGUMENT

### A. CollegeNET Should Be Granted Leave To Take Expedited Jurisdictional Discovery Because Pertinent Facts Bearing On The Questions of Jurisdiction and Venue Are Controverted Or Mischaracterized By TCN

Discvery in this matter is already open, as the parties conducted a Rule 26(f) conference on June 21, 2008. *See* Fed. R. Civ. P. 26(d)(1), (f). Indeed, CollegeNET has already served discovery requests on TCN that address the merits of this case, but not issues relevant to personal jurisdiction.[2] However, in order to maintain the swift progression of this case while achieving a just adjudication of the personal jurisdiction issues raised by TCN, CollegeNET requests (a) that TCN be required to respond to discovery requests regarding issues relevant to personal jurisdiction within 20 days of service, and (b) that such discovery requests not count against limits set forth in the Federal Rules of Civil Procedure or any Local Rule.

As a general matter, discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is

---

[2] Even if discovery had not already commenced, the Court could allow early discovery in this case, as "motions challenging personal jurisdiction" are recognized as circumstances warranting such early discovery. *See* Fed. R. Civ. P. 26(d)(1); Adv. Comm. Notes (1993 amendments to subdivisions (d)).

**MEMORANDUM IN SUPPORT OF PLAINTIFF COLLEGENET, INC.'S MOTION FOR EXPEDITED DISCOVERY AND EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER**
**Case No. 08-CV-601-BR**

necessary." *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 (9th Cir. 1977) (internal quotation marks and citation omitted); *see also Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) (remanding for jurisdictional discovery where "the record is simply not sufficiently developed to enable us to determine whether the…tests [for jurisdiction] are met" and "[f]urther discovery on this issue might well demonstrate facts sufficient to constitute a basis for jurisdiction").  Furthermore, district courts have the power to authorize expedited discovery response schedules, *see, e.g., Ruzzo v. Placer Dome Inc.*, No. 03:05-CV-00671-LRH-VPC., 2006 WL 2457690 at *2 (D. Nev. Aug. 23, 2006), and to order that such jurisdictional discovery requests not count against the numerical limits set forth in the federal rules or any local rule, *see, e.g., DataTreasury Corp. v. Wells Fargo & Co.*, No. 2:06-cv-72-DF-CMC (E.D. Tex. Dec. 8, 2006) (attached as Ex. A).  *See also* Fed. R. Civ. P. 33(a)(1) & (b)(2), 34(b)(2)(A).

TCN admits that it sells to Oregon residents, employs an Oregon resident, and has two Oregon-resident independent contractors that perform work on behalf of TCN.  (Cason Decl. ¶¶ 4-5.)  However, TCN provides no details regarding the actions of its current Oregon-resident employee[3] or independent contractors, or any employees or contractors that may have done business on behalf of TCN in Oregon in the past.  (*Id.*)  TCN cites revenue figures it attributes to Oregon residents, but only for a limited date range that bears no apparent correlation to the allegedly infringing acts at issue in this suit.  (*Id.* ¶ 4.)  In short, TCN has provided information

---

[3] The only detail provided is the claim that "85% of [TCN's Oregon-resident employee's] work bears no connection to Oregon" despite the apparent fact that the work is actually performed in Oregon.  (Cason Decl. ¶4.)

**MEMORANDUM IN SUPPORT OF PLAINTIFF COLLEGENET, INC.'S MOTION FOR EXPEDITED DISCOVERY AND EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER**
**Case No. 08-CV-601-BR**

showing that it has Oregon contacts, but has held back significant information in its possession regarding the nature of those contacts that is highly relevant to this Court's ability to exercise personal jurisdiction over TCN.

CollegeNET seeks expedited jurisdictional discovery regarding TCN's Oregon contacts, the actions of TCN's employee(s) and independent contractors in Oregon, as well as the nature of their relationship with TCN. More specifically, CollegeNET seeks information regarding the scope and duration of TCN's presence in Oregon and information regarding TCN's use of the disputed domain names in Oregon. CollegeNET seeks documents, interrogatory responses, and a 30(b)(6) deposition of TCN, as shown in the attached discovery requests and deposition notice. (*See* Exs. B-D.) CollegeNET also seeks to depose TCN's Oregon-resident employee and independent contractors. CollegeNET submits that this requested discovery is narrowly tailored to obtain information put at issue by TCN's motion and directly relevant to whether this Court may properly exercise personal jurisdiction over TCN.

The Court has discretion to allow the expedited discovery CollegeNET seeks, and should exercise that discretion. Indeed, "if a party demonstrates that it can supplement its jurisdictional allegations through discovery, then jurisdictional discovery is justified." *GTE New Media Services Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351 (D.C. Cir. 2000).

### B.  Extension Of Time

CollegeNET also requests that the briefing schedule on TCN's Motion to Dismiss or Transfer be extended to allow CollegeNET to file its response on or before October 15, 2008. This extension would permit CollegeNET to make meaningful use of its expedited jurisdictional discovery.

**MEMORANDUM IN SUPPORT OF PLAINTIFF COLLEGENET, INC.'S MOTION FOR EXPEDITED DISCOVERY AND EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER**
**Case No. 08-CV-601-BR**

### III. CONCLUSION AND RELIEF SOUGHT

CollegeNET respectfully submits that good cause exists to allow for expedited jurisdictional discovery, including production of documents, interrogatory responses, and a Rule 30(b)(6) deposition on the topics identified in Exhibits B-D hereto, as well as depositions of TCN's Oregon-resident employees and contractors. CollegeNET also moves for a corresponding extension of the briefing schedule to allow a response to TCN's Motion to Dismiss or, in the Alternative, to Transfer Venue (Dkt. No. 20) to be filed on or before October 15, 2008.

Respectfully submitted,

Dated:  August 1, 2008            By:     s/ Michael P. Matesky, II
                                  **Michael N. Zachary**, OSB #04120
                                  Email:  michael.zachary@klarquist.com
                                  **Michael P. Matesky II**, *Pro Hac Vice*
                                  Email:  mike.matesky@klarquist.com
                                  KLARQUIST SPARKMAN, LLP
                                  600 University Street, Suite 2950
                                  Seattle, WA 98101
                                  Telephone:  206-264-2960
                                  Facsimile:  206-624-2719

                                  **Scott E. Davis**, OSB #02288
                                  Email:  scott.davis@klarquist.com
                                  KLARQUIST SPARKMAN, LLP
                                  121 SW Salmon Street, Suite 1600
                                  Portland, OR  97204
                                  Telephone:  503-595-5300
                                  Facsimile:  503-595-5301

                                  *Attorneys for Plaintiff CollegeNET, Inc.*

Page 7

## CERTIFICATE OF SERVICE

      I hereby certify that on this date I filed the foregoing Memorandum in Support of Plaintiff CollegeNET, Inc.'s Motion for Expedited Discovery and Extension of Time to Respond to Defendant's Motion to Dismiss or Transfer with the United States District Court Clerk for the District of Oregon using the CM/ECF filing system, which will automatically notify the following counsel of record of this filing:

Jonathan G. Polak
jpolak@taftlaw.com

Trent J. Sandifur
tsandifur@taftlaw.com

Edward A. Merrill
Merrill_law@hotmail.com


DATED:  August, 1, 2008

                                          *Leslie Boston*
                                          Leslie Boston