# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **DATATREASURY CORPORATION** | § | |
| | § | |
| **V.** | § | **No.  2:06CV72** |
| | § | |
| **WELLS FARGO & COMPANY, ET AL.** | § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the

Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, all discovery

matters in the above-referenced consolidated cause of action were referred to the undersigned for

decision.  Pending before the Court are Plaintiff's Motion to Authorize Jurisdictional Discovery

Against Defendant First Citizen Bancshares, Inc. (Docket Entry # 213), Plaintiff's Motion to

Authorize Jurisdictional Discovery Against Defendant HSBC North America Holdings, Inc. (Docket

Entry # 214), and Plaintiff's Motion to Authorize Jurisdictional Discovery Against Defendant

UnionBanCal Corporation (Docket Entry # 215).  The Court, having reviewed the relevant briefing,

is of the opinion the motions should be **GRANTED AS MODIFIED**.  Accordingly, it is

**ORDERED** that Plaintiff may propound interrogatories, requests for production, and

requests for admissions to Defendants First Citizen Bancshares, Inc., HSBC North America

Holdings, Inc., and UnionBanCal Corporation dealing specifically with jurisdictional issues.  These

discovery requests shall not count against the number of discovery requests available to Plaintiff

under the Federal Rules of Civil Procedure and the Court's Local Rules.  Plaintiff may also depose

one Rule 30(b)(6) representative of each Defendant with the most knowledge of the jurisdictional

issues raised by each Defendant.  It is further

**ORDERED** that Plaintiff may file an amended response to each Defendant's motion to

dismiss and an amended complaint after receiving this discovery, if warranted.  Plaintiff's amended

response(s), if any, to Defendant's motions to dismiss shall be filed on or before February 16, 2007.

The Court will not entertain extensions in this regard.

      **IT IS SO ORDERED.**

      **SIGNED this 8th day of December, 2006.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE

2

# EXHIBIT B

**Michael N. Zachary**, OSB #04120
Email:  michael.zachary@klarquist.com
**Michael P. Matesky II**, *Pro Hac Vice*
Email:  mike.matesky@klarquist.com
**KLARQUIST SPARKMAN LLP**
600 University Street, Suite 2950
Seattle, WA 98101
Telephone:  206-264-2960
Facsimile:  206-624-2719

**Scott E. Davis**, OSB #02288
Email:  scott.davis@klarquist.com
**KLARQUIST SPARKMAN LLP**
121 SW Salmon Street, Suite 1600
Portland, OR  97204
Telephone: 503-595-5300
Facsimile:  503-595-5301

*Attorneys for Plaintiff CollegeNET, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COLLEGENET, INC.,** a Delaware corporation, | Civil No. 08-CV-601-BR |
| Plaintiff, | **PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL DOCUMENT REQUESTS TO DEFENDANT THE COLLEGE NETWORK, INC.** |
| v. | |
| **THE COLLEGE NETWORK, INC.,** an Indiana corporation, | |
| Defendant. | |

**PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL DOCUMENT REQUESTS TO DEFENDANT THE COLLEGE NETWORK, INC.**

## <u>PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL DOCUMENT REQUESTS TO DEFENDANT THE COLLEGE NETWORK, INC.</u>

Pursuant to Fed. R. Civ. P. 26 and 34, CollegeNET, Inc. ("CollegeNET"), requests that The College Network, Inc. ("TCN") produce the documents and things specified for production herein within 20 days for inspection and copying at the office of Klarquist Sparkman, LLP, One World Trade Center, 121 S.W. Salmon Street, Suite 1600, Portland, Oregon 97204, or at such other place or by such other delivery method as mutually agreed to by counsel.

## <u>DEFINITIONS</u>

A.    The term "CollegeNET" refers to Plaintiff CollegeNET, Inc., its predecessors-in-interest (including Universal Algorithms, Inc.), all subsidiaries, parent companies, and other affiliated companies, and the officers, directors, employees, agents, and representatives thereof.

B.    The term "TCN" refers to Defendant The College Network, Inc., its predecessors-in-interest, all subsidiaries, parent companies, and other affiliated companies, and the officers, directors, employees, agents, and representatives thereof.

C.    The term "**COLLEGENET**®" Mark" refers to the term COLLEGENET, as used by CollegeNET, in any font, however punctuated, with any capitalization or none, and with or without any prefixes, suffixes, and/or additional letters or words (such as any top-level domain signifier).

D.    A "COLLEGE NET Mark" means and refers to any trademark, service mark, trade name, domain name, e-mail address, or portion(s) of any URL that includes or incorporates the term COLLEGE (in any font, however punctuated, with any capitalization or none, and with or without any prefixes, suffixes, and/or additional letters or words) followed by the term NET

**PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL DOCUMENT REQUESTS TO DEFENDANT THE COLLEGE NETWORK, INC.**

(in any font, however punctuated, with any capitalization or none, and with or without any prefixes, suffixes, and/or additional letters or words). The term "COLLEGE NET Mark" includes, for example and without limitation, the terms COLLEGENET, COLLEGE-NET, COLLEGE-NET.COM, and THE COLLEGE NETWORK.

E.      The term "COLLEGE NET Domain Name" refers to any domain name, domain signifier, e-mail address, or portion of any URL that includes, incorporates, or comprises any COLLEGE NET Mark, as well as any COLLEGE NET Mark that includes any top-level domain signifier (such as ".com" or ".us"), whether used as a domain name or otherwise. The term "COLLEGE NET Domain Name" includes, for example and without limitation, the terms and domain names COLLEGE-NET.COM, COLLEGE-NET.NET, COLLEGE-NET.ORG, COLLEGE-NET.US, and COLLEGENETWORK.COM.

F.      The term "COLLEGE-NET Domain Name" refers to any domain name, domain signifier, e-mail address, or portion of any URL that includes, incorporates, or comprises the term "COLLEGE-NET" (in any font, however punctuated, with any capitalization or none, and with or without any prefixes, suffixes, and/or additional letters or words), whether used as a domain name or otherwise. The term "COLLEGE-NET Domain Name" includes, for example and without limitation, the terms and domain names COLLEGE-NET.COM, COLLEGE-NET.NET, COLLEGE-NET.ORG, and COLLEGE-NET.US.

G.      The term "Reg. No. 2,045,384" refers to U.S. Service Mark Registration No. 2,045,384, U.S. Service Mark Application Serial No. 74/669,651, or the mark claimed therein.

H.      The term "Reg. No. 3,062,325" refers to U.S. Service Mark Registration No. 3,062,325, U.S. Service Mark Application Serial No. 78/445,016, or the mark claimed therein.

I.      The term "Reg. No. 3,027,453" refers to U.S. Service Mark Registration No. 3,027,453, U.S. Service Mark Application Serial No. 78/445,013, or the mark claimed therein.

J.      The term "Reg. No. 3,027,454" refers to U.S. Service Mark Registration No. 3,027,454, U.S. Service Mark Application Serial No. 78/445,026, or the mark claimed therein.

K.      The term "Reg. No. 3,167,411" refers to U.S. Trademark Registration No. 3,167,411, U.S. Service Mark Application Serial No. 78/451,577, or the mark claimed therein.

L.      The term "Reg. No. 3,198,034" refers to U.S. Service Mark Registration No. 3,198,034, U.S. Service Mark Application Serial No. 78/445,021, or the mark claimed therein.

M.      The term "Reg. No. 3,200,363" refers to U.S. Service Mark Registration No. 3,200,363, U.S. Service Mark Application Serial No. 78/445,030, or the mark claimed therein.

N.      The term "COLLEGENET Registration(s)" refers to any of the registrations, applications, or marks defined in items G through M herein.

O.      The term "Oregon Action" refers to the above-captioned matter, Case No. 08-CV-601-BR, pending before the United States District Court for the District of Oregon.

P.      The term "Indiana Action" refers to Case No. 1:08-CV-0625-WTL-TAB, pending before the United States District Court for the Southern District of Indiana.

Q.      As used herein, use of a mark "on" goods or services means: (a) on goods – when the mark is placed in any manner on the goods, their containers or packaging, the displays associated therewith, on the tags or labels affixed thereto, or on documents associated with the goods or their sale; and (b) on services – when the mark is used or displayed in the sale or advertising of services.  Where goods or services are offered, advertised, or provided via a website, the use of a term or mark as any portion of a domain name or URL that resolves to such

**PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL DOCUMENT REQUESTS TO DEFENDANT THE COLLEGE NETWORK, INC.**

website shall be deemed use of such term or mark "on" such goods or services.

R.    The terms "person(s)" means and includes both natural persons and legal entities (*i.e.*, corporations or other business entities). Unless noted otherwise, references to any person, entity, or party include agents, attorneys, employees, employers, officers, directors, or others acting on behalf, or purporting to act on the behalf of, said person, entity, or party.

S.    The terms "writings" or "documents" as used herein are used in their broadest sense and include, without limitation, the original and all non-identical copies of all documents of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and all writings and documents as those terms are defined by Rule 1001 of the Federal Rules of Evidence. The term "document" includes without limitation any book, pamphlet, periodical, letter, record, contract, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, manual, financing statement, audit report, report, record, study, handwritten note, artwork, drawing, proof, display, photograph, film, label, packaging, flyer, brochure, working paper, chart, index, tape (audio, visual, or audiovisual), microfilm, data sheet, e-mail and all other electronic, magnetic and digital forms of communication, however produced.

T.    The term "communication(s)" shall mean any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, a single person seeing or hearing any information by any means.

U.    The term "relating to" or "related to" shall mean and include pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering,

or otherwise concerning in any manner whatsoever, in whole or in part, the subject matter of the inquiry.

V.      References to the terms "and" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive where the effect of such construction is to broaden the scope of the Interrogatory in question.

W.      References to the term "any" shall be interpreted to mean "any and all" where the effect of such construction is to broaden the scope of the Interrogatory in question.

X.      References to the term "each" shall be interpreted to mean "each and every" where the effect of such construction is to broaden the scope of the Interrogatory in question.

## <u>INSTRUCTIONS</u>

A.      These Requests call for all documents within the scope of the Requests that are known or available to TCN, including all documents in the possession of or available to TCN's attorneys, agents, employees or representatives, or any investigators or any other person acting on behalf of TCN or under the direction or control of TCN or its attorneys or agents.

B.      If TCN withholds any document responsive, in whole or in part, to any Request on the basis of privilege or immunity from discovery, identify: (1) the privilege or immunity asserted; (2) all documents or things which contain or refer to the withheld document; (3) all individuals having knowledge of the document or the information contained therein; (4) the subject matter and general nature of the document; and (5) all facts which support the assertion of privilege or immunity.

C.      The following Requests shall be deemed to seek documents and things as of the date hereof, but shall be deemed to be continuing so that any additional documents and things

**PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL DOCUMENT REQUESTS TO DEFENDANT THE COLLEGE NETWORK, INC.**

information in any way responsive to these Requests that TCN acquires or generates up to and including the time of trial shall be furnished to CollegeNET immediately after such documents and things are first acquired or generated.

## **DOCUMENTS AND THINGS TO BE PRODUCED**

JURISDICTIONAL REQUEST NO. 1:

      All documents and things bearing, displaying, or containing any COLLEGE NET Domain Name and distributed or displayed to any person in Oregon by TCN, any TCN employee, or any TCN independent contractor.

JURISDICTIONAL REQUEST NO. 2:

      All documents and things bearing, displaying, or containing any COLLEGE-NET Domain Name and distributed or displayed to any person in Oregon by TCN, any TCN employee, or any TCN independent contractor.

JURISDICTIONAL REQUEST NO. 3:

      All documents and things distributed by TCN, any TCN employee, or any TCN independent contractor to persons in Oregon, including without limitation business cards, marketing materials, and the like, from 1995 to the present.

**PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL DOCUMENT REQUESTS TO DEFENDANT THE COLLEGE NETWORK, INC.**

JURISDICTIONAL REQUEST NO. 4:

All documents and things relating to revenue, expenses, net profit, or unit sales volume derived from sales to persons in Oregon or Oregon residents, from 1995 to the present.

JURISDICTIONAL REQUEST NO. 5:

All documents and things relating to sales made by TCN employees or independent contractors living, working, or residing in Oregon, from 1995 to the present, or revenue or profits derived from such sales.

JURISDICTIONAL REQUEST NO. 6:

All documents and things relating to job training or description for any TCN employee or independent contractor that has lived, resided, or worked in Oregon at any time from 1995 to the present.

JURISDICTIONAL REQUEST NO. 7:

All documents and things relating to job training or description for any TCN "Program Advisor."

JURISDICTIONAL REQUEST NO. 8:

All documents and things relating to job training or description for the positions or job titles identified in response to CollegeNET's Jurisdictional Interrogatory No. 9.

**PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL DOCUMENT REQUESTS TO DEFENDANT THE COLLEGE NETWORK, INC.**

JURISDICTIONAL REQUEST NO. 9:

All documents and things relating to any communication between TCN, any TCN employee, or any TCN independent contractor and any customer, prospective customer, or educational institution in Oregon, between 1995 and the present.

JURISDICTIONAL REQUEST NO. 10:

All documents and things relating to communications between TCN, any TCN employee, or any TCN independent contractor and any person in Oregon, from 1995 to the present.

JURISDICTIONAL REQUEST NO. 11:

Documents sufficient to show the annual number of online communications submitted to TCN via any COLLEGE-NET Domain Name where the submitter selected "Oregon" in any website drop-down menu or gave any other indication of Oregon residence.

JURISDICTIONAL REQUEST NO. 12:

All documents and things relating to any metatags or advertising keywords that include or comprise the terms "Oregon," "Portland," "Eugene," "Corvallis," or the name of any college located in Oregon, and that TCN has ever included on or in, or used in connection with advertisements for, any page of any website (a) accessible via any COLLEGE-NET Domain Name or (b) that has displayed or included any COLLEGE-NET Domain Name.

JURISDICTIONAL REQUEST NO. 13:

All documents and things relating to any TCN advertisements or marketing materials physically distributed to or within Oregon or electronically distributed to recipients in Oregon, from 1995 to the present.


JURISDICTIONAL REQUEST NO. 14:

All documents and things relating to any TCN advertisements or marketing materials contained, displayed, or distributed on or through websites containing Oregon-specific or Oregon-themed content, from 1995 to the present.


JURISDICTIONAL REQUEST NO. 15:

All documents related to the date TCN or any TCN employee first learned of CollegeNET, CollegeNET's location, the **COLLEGENET**® Mark, or any COLLEGENET Registration.


JURISDICTIONAL REQUEST NO. 16:

Documents sufficient to show any planned future activities to be undertaken in Oregon by TCN, including without limitation any planned hiring of or contract offers to Oregon residents.


JURISDICTIONAL REQUEST NO. 17:

At least one representative specimen of each label, advertisement, or other document or thing bearing any COLLEGE-NET Domain Name that TCN, any TCN employee, or any TCN

independent contractor has displayed or distributed in Oregon or to any Oregon resident, from 1995 to the present.

JURISDICTIONAL REQUEST NO. 18:

Documents sufficient to evidence each type of goods and services provided by TCN, any TCN employee, or any TCN independent contractor to any person in Oregon or any Oregon resident, from 1995 to the present.

JURISDICTIONAL REQUEST NO. 19:

Documents and things sufficient to evidence each consumer in Oregon to which TCN sells, has sold, distributes, or has distributed goods or services on which TCN uses or has used any COLLEGE NET Mark, from 1995 to the present.

JURISDICTIONAL REQUEST NO. 20:

Documents and things sufficient to evidence all colleges, universities, and other institutions of higher learning in Oregon to or from which TCN has made or received any communication.

JURISDICTIONAL REQUEST NO. 21:

Documents and things sufficient to evidence the methods used by TCN to market, advertise, sell, or distribute goods or services in Oregon or to persons in Oregon.

JURISDICTIONAL REQUEST NO. 22:

Documents and things sufficient to evidence the methods used by TCN to market, advertise, sell, or distribute goods or services in Oregon or to persons in Oregon on which TCN uses or has used any COLLEGE-NET Domain Name.

JURISDICTIONAL REQUEST NO. 23:

All documents, including without limitation financial reports, business plans, marketing plans, and marketing reports, relating to the unit volume, gross revenue, gross profit, net profit, or location of all sales of any TCN goods or services to any person in Oregon or Oregon resident, whether on a monthly, quarterly, or annual basis, from 1995 to the present.

JURISDICTIONAL REQUEST NO. 24:

All documents, such as market analyses, sales projections, and forecasts, that estimate potential unit volume, gross revenue, gross profit, net profit, or location of sales of any goods or services in Oregon or to Oregon residents.

JURISDICTIONAL REQUEST NO. 25:

Documents and things sufficient to establish each of the following:

(a) TCN's annual and monthly gross and net profit (or loss) for sales of goods and services in Oregon, to persons in Oregon, or to Oregon residents; and

(b) TCN's annual and monthly gross revenue for sales in Oregon, to persons in Oregon, or to Oregon residents.

**PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL DOCUMENT REQUESTS TO DEFENDANT THE COLLEGE NETWORK, INC.**
Page 11

JURISDICTIONAL REQUEST NO. 26:

Documents and things sufficient to identify, separately for each year, all costs (including but not limited to variable and fixed costs) that TCN incurs or has incurred that are directly or indirectly charged to or attributable to the production, supply, distribution, licensing, marketing, promotion, or sale of goods or services in Oregon, to persons in Oregon, or to Oregon residents.

JURISDICTIONAL REQUEST NO. 27:

Documents and things sufficient to show or evidence, separately for each year, TCN's expenditures for marketing, advertising, and promotions in Oregon, to persons in Oregon, or to Oregon residents in connection with goods or services on which TCN uses any COLLEGE-NET Domain Name.

JURISDICTIONAL REQUEST NO. 28:

Documents and things sufficient to show every page of every website owned or operated by TCN that contains or displays the terms "Oregon," "Portland," "Eugene," or "Corvallis," whether as visible text, in HTML or other code, in a drop-down menu, or otherwise.

JURISDICTIONAL REQUEST NO. 29:

All documents and things reviewed or relied upon in preparing the July 16, 2008 Declaration of Glenn Cason submitted in the Oregon Action.

**PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL DOCUMENT REQUESTS TO DEFENDANT THE COLLEGE NETWORK, INC.**

JURISDICTIONAL REQUEST NO. 30:

Documents and things sufficient to show the number and characteristics of Oregon residents or persons in Oregon that have requested information from TCN, ordered goods or services from TCN, or visited any TCN website.

Respectfully submitted,

Dated: August 1, 2008          By:          s/ Michael P. Matesky, II

**Michael N. Zachary**, OSB #04120
Email: michael.zachary@klarquist.com
**Michael P. Matesky II**, *Pro Hac Vice*
Email: mike.matesky@klarquist.com
KLARQUIST SPARKMAN, LLP
600 University Avenue, Suite 2950
Seattle, WA 98101
Telephone: 206-264-2960
Facsimile: 206-624-2719

**Scott E. Davis**, OSB #02288
Email: scott.davis@klarquist.com
**KLARQUIST SPARKMAN LLP**
121 SW Salmon Street, Suite 1600
Portland, OR 97204
Telephone: 503-595-5300
Facsimile: 503-595-5301

*Attorneys for Plaintiff CollegeNET, Inc.*

**PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL DOCUMENT REQUESTS TO DEFENDANT THE COLLEGE NETWORK, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date I served the foregoing Plaintiff CollegeNET, Inc.'s First

Set of Jurisdictional Document Requests to Defendant The College Network, Inc. upon the

following persons via e-mail:

Jonathan G. Polak
jpolak@taftlaw.com

Trent J. Sandifur
tsandifur@taftlaw.com

Edward A. Merrill
Merrill_law@hotmail.com


DATED:  August 1, 2008

                         s/ Michael Matesky, II
                         Michael P. Matesky, II

**PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL DOCUMENT**
**REQUESTS TO DEFENDANT THE COLLEGE NETWORK, INC.**
Page 14

# EXHIBIT C

**Michael N. Zachary**, OSB #04120
Email:  michael.zachary@klarquist.com
**Michael P. Matesky II**, *Pro Hac Vice*
Email:  mike.matesky@klarquist.com
**KLARQUIST SPARKMAN LLP**
600 University Street, Suite 2950
Seattle, WA 98101
Telephone:  206-264-2960
Facsimile:  206-624-2719

**Scott E. Davis**, OSB #02288
Email:  scott.davis@klarquist.com
**KLARQUIST SPARKMAN LLP**
121 SW Salmon Street, Suite 1600
Portland, OR  97204
Telephone: 503-595-5300
Facsimile:  503-595-5301

*Attorneys for Plaintiff CollegeNET, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COLLEGENET, INC.,**<br>a Delaware corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>**THE COLLEGE NETWORK, INC.,**<br>an Indiana corporation,<br><br>        Defendant. | Civil No. 08-CV-601-BR<br><br>**PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL INTERROGATORIES TO DEFENDANT THE COLLEGE NETWORK, INC.** |

**PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL
INTERROGATORIES TO DEFENDANT THE COLLEGE NETWORK, INC.**

## <u>PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL INTERROGATORIES TO DEFENDANT THE COLLEGE NETWORK, INC.</u>

Pursuant to Fed. R. Civ. P. 26 and 33, CollegeNET, Inc. ("CollegeNET") requests that Defendant The College Network, Inc. ("TCN") answer each of the following Interrogatories, separately and fully, in writing, under oath, within 20 days from the date of service.

## <u>DEFINITIONS</u>

A.      The term "CollegeNET" refers to Plaintiff CollegeNET, Inc., its predecessors-in-interest (including Universal Algorithms, Inc.), all subsidiaries, parent companies, and other affiliated companies, and the officers, directors, employees, agents, and representatives thereof.

B.      The term "TCN" refers to Defendant The College Network, Inc., its predecessors-in-interest, all subsidiaries, parent companies, and other affiliated companies, and the officers, directors, employees, agents, and representatives thereof.

C.      The term "COLLEGE-NET Domain Name" refers to any domain name, domain signifier, e-mail address, or portion of any URL that includes, incorporates, or comprises the term "COLLEGE-NET," in any font, however punctuated, with any capitalization or none, and with or without any prefixes, suffices, and/or additional letters or words, whether used as a domain name or otherwise.  The term "COLLEGE-NET Domain Name" includes, for example and without limitation, the terms and domain names COLLEGE-NET.COM, COLLEGE-NET.NET, COLLEGE-NET.ORG, and COLLEGE-NET.US

D.      The term "Reg. No. 2,045,384" refers to U.S. Service Mark Registration No. 2,045,384, U.S. Service Mark Application Serial No. 74/669,651, or the mark claimed therein.

E.      The term "Reg. No. 3,062,325" refers to U.S. Service Mark Registration No.

3,062,325, U.S. Service Mark Application Serial No. 78/445,016, or the mark claimed therein.

F.      The term "Reg. No. 3,027,453" refers to U.S. Service Mark Registration No. 3,027,453, U.S. Service Mark Application Serial No. 78/445,013, or the mark claimed therein.

G.      The term "Reg. No. 3,027,454" refers to U.S. Service Mark Registration No. 3,027,454, U.S. Service Mark Application Serial No. 78/445,026, or the mark claimed therein.

H.      The term "Reg. No. 3,167,411" refers to U.S. Trademark Registration No. 3,167,411, U.S. Service Mark Application Serial No. 78/451,577, or the mark claimed therein.

I.      The term "Reg. No. 3,198,034" refers to U.S. Service Mark Registration No. 3,198,034, U.S. Service Mark Application Serial No. 78/445,021, or the mark claimed therein.

J.      The term "Reg. No. 3,200,363" refers to U.S. Service Mark Registration No. 3,200,363, U.S. Service Mark Application Serial No. 78/445,030, or the mark claimed therein.

K.      The term "COLLEGENET Registration(s)" refers to any of the registrations, applications, or marks defined in items D through J herein.

L.      The terms "person" and "persons" mean both natural persons and legal entities (*i.e.*, corporations or other business entities).  Unless noted otherwise, references to any person, entity, or party include agents, attorneys, employees, employers, officers, directors, or others acting on behalf, or purporting to act on the behalf of, said person, entity, or party.

M.      The terms "writings" or "documents" as used herein are used in their broadest sense and include, without limitation, the original and all non-identical copies of all documents of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and all writings and documents as those terms are defined by Rule 1001 of the Federal Rules of Evidence.  The term "document" shall including without limitation any book, pamphlet, periodical, letter, record,

contract, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, manual, financing statement, audit report, report, record, study, handwritten note, artwork, drawing, proof, display, photograph, film, label, packaging, flyer, brochure, working paper, chart, index, tape (audio or visual), microfilm, data sheet, e-mail and all other electronic, magnetic and digital forms of communication, however produced.

N.    The term "communication(s)" shall mean any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, a single person seeing or hearing any information by any means.

O.    References to the terms "and" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive where the effect of such construction is to broaden the scope of the Interrogatory in question.

P.    References to the term "any" shall be interpreted to mean "any and all" where the effect of such construction is to broaden the scope of the Interrogatory in question.

Q.    References to the term "each" shall be interpreted to mean "each and every" where the effect of such construction is to broaden the scope of the Interrogatory in question.

R.    The term "identify" shall mean a complete identification to the full extent known or ascertainable by TCN, whether or not in the possession of TCN and whether or not alleged to be privileged, including the following information:

(1)    The present depository or depositories and the name(s) and address(es) of the person(s) having custody of any item to be identified, unless the item is a public

document or person;

(2)     Where the item to be identified is a person, his/her full name, street address, e-mail address, job title, and present employer;

(3)     Where the item to be identified is a document or paper, its character, title, date, addressee or recipient, and author, signatory, or sender;

(4)     Where the item to be identified is printed material, its title, author, publication date, volume and the relevant page numbers;

(5)     Where the item to be identified is a mark:  (a) the party that has used the mark; (b) the goods and services with which the mark has been used; and (b) the time period the mark has been used with each of those goods and services;

(6)     Where the item to be identified is a product, please describe the product with sufficient particularity to distinguish it from other products, including other products of the same general nature or category.

## <u>INSTRUCTIONS</u>

A.     These Interrogatories call for all information (including any information contained in or on any "document" or "writing" as those terms are defined herein) that is known or available to TCN, including all information in the possession of or available to TCN's employees, attorneys, agents, representatives, or any investigators or any other person acting on behalf of TCN or under the direction or control of TCN or its attorneys or agents.

B.     If TCN cannot answer any Interrogatory fully and completely after exercising due diligence to make inquiry and secure the information necessary to do so, please so state and answer each such Interrogatory to the full extent possible, specify the portion of such

Interrogatory that TCN claims it is unable to answer fully and completely, state the facts upon which TCN relies to support its contention that it is unable to answer that Interrogatory fully and completely, and state what knowledge, information and belief TCN has concerning the unanswered portion of each such Interrogatory.

C.    If TCN withholds information responsive, in whole or in part, to any Interrogatory on the basis of privilege or immunity from discovery, identify:  (1) the privilege or immunity asserted; (2) all documents or things that contain or refer to the information; (3) all individuals having knowledge of the information; (4) the subject matter and general nature of the information; and (5) all facts that support the assertion of privilege or immunity.

D.    The following Interrogatories shall be deemed to seek answers as of the date hereof, but shall be deemed to be continuing so that any additional information relating in any way to these Interrogatories which TCN acquires or which becomes known to TCN up to and including the time of trial shall be furnished to CollegeNET immediately after such information is first acquired or becomes known.

## **INTERROGATORIES**

### JURISDICTIONAL INTERROGATORY NO. 1

Identify each employee of TCN that has lived, resided, or worked in Oregon at any time from 1995 to the present, the dates of that employee's employment by TCN, and the dates that such employee lived, resided, or worked in Oregon.

### RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 1

### JURISDICTIONAL INTERROGATORY NO. 2

Identify each independent contractor of TCN that has lived, resided, or worked in Oregon at any time from 1995 to the present, the dates of that contractor's contractual relationship with TCN, and the dates that such contractor lived, resided, or worked in Oregon.

### RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 2

### JURISDICTIONAL INTERROGATORY NO. 3

Identify all customers, prospective customers, or other persons that have sent any communication or payment to TCN from Oregon, or to whom TCN has sent any communication or payment in Oregon.

RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 3

JURISDICTIONAL INTERROGATORY NO. 4

       Identify all persons who have logged onto or registered via any TCN domain name or website using an Oregon Internet Protocol ("IP") or physical address, from 1995 to the present.

RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 4

JURISDICTIONAL INTERROGATORY NO. 5

       State fully the job description for and tasks performed by each TCN independent contractor that has resided in Oregon or performed work on behalf of TCN in Oregon at any time from 1995 to the present.

RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 5

JURISDICTIONAL INTERROGATORY NO. 6

       State fully the job description for and tasks performed by each TCN employee that has resided in Oregon or performed work on behalf of TCN in Oregon at any time from 1995 to the present.

**PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL INTERROGATORIES TO DEFENDANT THE COLLEGE NETWORK, INC.**

Page 7

RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 6

JURISDICTIONAL INTERROGATORY NO. 7

      Identify all types or categories of documents or things bearing any COLLEGE-NET

Domain Name distributed or displayed by TCN, any TCN employee, or any TCN independent

contractor in Oregon or to any person in Oregon, from 1995 to the present, including without

limitation business cards, informational brochures, promotional items, contractual agreements,

business proposals, and the like.

RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 7

JURISDICTIONAL INTERROGATORY NO. 8

      State TCN's annual revenue, gross profit, net profit, and unit sales volume attributable to

Oregon residents, from 1995 to the present.

RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 8

JURISDICTIONAL INTERROGATORY NO. 9

State TCN's annual advertising and marketing expenses attributable to advertising and marketing within Oregon, including without limitation, advertising on or through websites or other online media targeted to Oregon residents or prospective Oregon residents, from 1995 to the present.

RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 9

JURISDICTIONAL INTERROGATORY NO. 10

Identify all TCN advertising and marketing materials distributed or displayed within Oregon, to persons within Oregon, or to Oregon residents, including without limitation, advertising on or through websites or other online media targeted to Oregon residents or prospective Oregon residents, from 1995 to the present.

RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 10

JURISDICTIONAL INTERROGATORY NO. 11

Identify the position or job title for every TCN employee and independent contractor that has lived, worked, or resided in Oregon from 1995 to the present.

RESPONSE TO JURISDICTIONAL INTERROGATORY NO. 11

Respectfully submitted,

Dated:  August 1, 2008    By:    s/Michael P. Matesky, II

    **Michael N. Zachary**, OSB #04120
    Email:  michael.zachary@klarquist.com
    **Michael P. Matesky II**, *Pro Hac Vice*
    Email:  mike.matesky@klarquist.com
    KLARQUIST SPARKMAN, LLP
    600 University Avenue, Suite 2950
    Seattle, WA 98101
    Telephone:  206-264-2960
    Facsimile:  206-624-2719

    **Scott E. Davis**, OSB #02288
    Email:  scott.davis@klarquist.com
    **KLARQUIST SPARKMAN LLP**
    121 SW Salmon Street, Suite 1600
    Portland, OR  97204
    Telephone: 503-595-5300
    Facsimile:  503-595-5301

    *Attorneys for Plaintiff CollegeNET, Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this date I served the foregoing Plaintiff CollegeNET, Inc.'s First

Set of Jurisdictional Interrogatories to Defendant The College Network, Inc. upon the following

persons via e-mail:

Jonathan G. Polak
jpolak@taftlaw.com

Trent J. Sandifur
tsandifur@taftlaw.com

Edward A. Merrill
Merrill_law@hotmail.com

DATED:  August 1, 2008

s/ Michael P. Matesky, II
Michael P. Matesky, II

**PLAINTIFF COLLEGENET, INC.'S FIRST SET OF JURISDICTIONAL
INTERROGATORIES TO DEFENDANT THE COLLEGE NETWORK, INC.**

# EXHIBIT D

**Michael N. Zachary**, OSB #04120
Email:  michael.zachary@klarquist.com
**Michael P. Matesky II**, *Pro Hac Vice*
Email:  mike.matesky@klarquist.com
**KLARQUIST SPARKMAN LLP**
600 University Street, Suite 2950
Seattle, WA 98101
Telephone:  206-264-2960
Facsimile:  206-624-2719

**Scott E. Davis**, OSB #02288
Email:  scott.davis@klarquist.com
**KLARQUIST SPARKMAN LLP**
121 SW Salmon Street, Suite 1600
Portland, OR  97204
Telephone: 503-595-5300
Facsimile:  503-595-5301

*Attorneys for Plaintiff CollegeNET, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COLLEGENET, INC.,**<br>a Delaware corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>**THE COLLEGE NETWORK, INC.,**<br>an Indiana corporation,<br><br>                    Defendant. | Civil No. 08-CV-601-BR<br><br>**PLAINTIFF COLLEGENET, INC.'S<br>NOTICE OF JURISDICTIONAL<br>DEPOSITION TO DEFENDANT THE<br>COLLEGE NETWORK, INC.<br>PURSUANT TO FED. R. CIV. P. 30(b)(6)** |

PLEASE TAKE NOTICE THAT, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, plaintiff CollegeNET, Inc. ("CollegeNET"), by its attorneys, will take the deposition

upon oral examination, before a duly authorized court reporter, of defendant The College

Network, Inc. ("TCN").  The deposition will take place at the offices of Lewis Wagner LLP, 501

**NOTICE OF JURISDICTIONAL 30(b)(6) DEPOSITION**                                    **Page 1**
**OF DEFENDANT THE COLLEGE NETWORK, INC.**

Indiana Avenue, Suite 200, Indianapolis, Indiana on September 16, 2008 at 9:00 a.m. and on any

adjourned day thereof, and will continue from day to day thereafter until complete.  The

deposition will be recorded stenographically and may also be recorded by videotape.

TCN shall designate one or more of its officers, directors, managing agents or other

persons who consent to testify on its behalf, and who are knowledgeable about the facts and

documents supporting, underlying, or relating to the subject matters enumerated in Schedule A

attached hereto.  You are invited to attend and cross-examine.

Dated:  August 1, 2008          By:          s/ Michael P. Matesky, II
                                    **Michael N. Zachary**, OSB #04120
                                    Email:  michael.zachary@klarquist.com
                                    **Michael P. Matesky II**, *Pro Hac Vice*
                                    Email:  mike.matesky@klarquist.com
                                    KLARQUIST SPARKMAN, LLP
                                    600 University Avenue, Suite 2950
                                    Seattle, WA 98101
                                    Telephone:  206-264-2960
                                    Facsimile:  206-624-2719

                                    **Scott E. Davis**, OSB #02288
                                    Email:  scott.davis@klarquist.com
                                    **KLARQUIST SPARKMAN LLP**
                                    121 SW Salmon Street, Suite 1600
                                    Portland, OR  97204
                                    Telephone: 503-595-5300
                                    Facsimile:  503-595-5301

                                    *Attorneys for Plaintiff CollegeNET, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I served the foregoing Notice of Jurisdictional 30(b)(6)

Deposition of Defendant The College Network, Inc. and the attached Schedule A upon the

following persons via e-mail:

      Jonathan G. Polak
      jpolak@taftlaw.com

      Trent J. Sandifur
      tsandifur@taftlaw.com

      Edward A. Merrill
      Merrill_law@hotmail.com


DATED:  August 1, 2008


                     s/ Michael Matesky, II
                Michael P. Matesky, II

## SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

The following Definitions and Instructions shall be incorporated by reference into each Topic as if set forth separately therein:

A.    The term "CollegeNET" refers to Plaintiff CollegeNET, Inc., its predecessors-in-interest (including Universal Algorithms, Inc.), all subsidiaries, parent companies, and other affiliated companies, and the officers, directors, employees, agents, and representatives thereof.

B.    The term "TCN" refers to Defendant The College Network, Inc., its predecessors-in-interest, all subsidiaries, parent companies, and other affiliated companies, and the officers, directors, employees, agents, and representatives thereof.

C.    The term "**COLLEGENET**® Mark" refers to the term COLLEGENET, as used by CollegeNET, in any font, however punctuated, with any capitalization or none, and with or without any prefixes, suffixes, and/or additional letters or words (such as any top-level domain signifier).

D.    The term "COLLEGE-NET Domain Name" refers to any domain name, domain signifier, e-mail address, or portion of any URL that includes, incorporates, or comprises the term "COLLEGE-NET" (in any font, however punctuated, with any capitalization or none, with or without any prefixes, suffixes, and/or additional letters or words), whether used as a domain name, trademark, service mark, trade name, or otherwise.  The term "COLLEGE-NET Domain Name" includes, for example and without limitation, the terms and domain names COLLEGE-NET.COM, COLLEGE-NET.NET, COLLEGE-NET.ORG, and COLLEGE-NET.US.

E.    The term "Reg. No. 2,045,384" refers to U.S. Service Mark Registration No.

**NOTICE OF JURISDICTIONAL 30(b)(6) DEPOSITION**                    **Page 4**
**OF DEFENDANT THE COLLEGE NETWORK, INC.**

2,045,384, U.S. Service Mark Application Serial No. 74/669,651, or the mark claimed therein.

       F.     The term "Reg. No. 3,062,325" refers to U.S. Service Mark Registration No. 3,062,325, U.S. Service Mark Application Serial No. 78/445,016, or the mark claimed therein.

       G.     The term "Reg. No. 3,027,453" refers to U.S. Service Mark Registration No. 3,027,453, U.S. Service Mark Application Serial No. 78/445,013, or the mark claimed therein.

       H.     The term "Reg. No. 3,027,454" refers to U.S. Service Mark Registration No. 3,027,454, U.S. Service Mark Application Serial No. 78/445,026, or the mark claimed therein.

       I.     The term "Reg. No. 3,167,411" refers to U.S. Trademark Registration No. 3,167,411, U.S. Service Mark Application Serial No. 78/451,577, or the mark claimed therein.

       J.     The term "Reg. No. 3,198,034" refers to U.S. Service Mark Registration No. 3,198,034, U.S. Service Mark Application Serial No. 78/445,021, or the mark claimed therein.

       K.     The term "Reg. No. 3,200,363" refers to U.S. Service Mark Registration No. 3,200,363, U.S. Service Mark Application Serial No. 78/445,030, or the mark claimed therein.

       L.     The term "COLLEGENET Registration(s)" refers to any of the registrations, applications, or marks defined in items G through M herein.

       M.     The term "Oregon Action" refers to the above-captioned matter, Case No. 08-CV-601-BR, pending before the United States District Court for the District of Oregon.

       N.     As used herein, use of a mark "on" goods or services means: (a) on goods – when the mark is placed in any manner on the goods, their containers or packaging, the displays associated therewith, on the tags or labels affixed thereto, or on documents associated with the goods or their sale; and (b) on services – when the mark is used or displayed in the sale or advertising of services.  Where goods or services are offered, advertised, or provided via a website, the use of a term or mark as any portion of a domain name or URL that resolves to such

website shall be deemed use of such term or mark "on" such goods or services.

       O.      The terms "person(s)" means and includes both natural persons and legal entities (*i.e.*, corporations or other business entities).  Unless noted otherwise, references to any person, entity, or party include agents, attorneys, employees, employers, officers, directors, or others acting on behalf, or purporting to act on the behalf of, said person, entity, or party.

       P.      The terms "writings" or "documents" as used herein are used in their broadest sense and include, without limitation, the original and all non-identical copies of all documents of the types designated in Rule 34(a) of the Federal Rules of Civil Procedure and all writings and documents as those terms are defined by Rule 1001 of the Federal Rules of Evidence.  The term "document" includes without limitation any book, pamphlet, periodical, letter, record, contract, memorandum, diary, file, note, calendar, newspaper, magazine, statement, bill, invoice, order, policy, telegram, correspondence, summary, receipt, opinion, investigation statement or report, schedule, manual, financing statement, audit report, report, record, study, handwritten note, artwork, drawing, proof, display, photograph, film, label, packaging, flyer, brochure, working paper, chart, index, tape (audio, visual, or audiovisual), microfilm, data sheet, e-mail and all other electronic, magnetic and digital forms of communication, however produced.

       Q.      The term "communication(s)" shall mean any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, a single person seeing or hearing any information by any means.

       R.      The term "relating to" or "related to" shall mean and include pertaining to, relevant to, material to, evidencing, affecting, comprising, discussing, dealing with, considering, or otherwise concerning in any manner whatsoever, in whole or in part, the subject matter of the

inquiry.

S.    References to the terms "and" and "or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive where the effect of such construction is to broaden the scope of the Interrogatory in question.

T.    References to the term "any" shall be interpreted to mean "any and all" where the effect of such construction is to broaden the scope of the Interrogatory in question.

U.    References to the term "each" shall be interpreted to mean "each and every" where the effect of such construction is to broaden the scope of the Interrogatory in question

V.    TCN is required to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf regarding the requested deposition topics, who are required to testify as to matters known or reasonably available to TCN.

W.    If a claim of privilege is asserted in objecting to any topic, or sub-part thereof, and a witness capable of providing fully responsive information is not provided on the basis of such assertion, please provide the following information:  (1) the nature of the privilege which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked; and (2) the general subject matter of the information withheld

X.    If TCN objects to any topic, or sub-part thereof, on grounds other than privilege, state the precise grounds upon which its objection is based.

## DEPOSITION TOPICS

1.    TCN's first knowledge of CollegeNET, CollegeNET's location, the **COLLEGENET**® Mark, and each COLLEGENET Registration, including without limitation the date(s) on which TCN obtained such knowledge, how TCN obtained such knowledge, and the source from which TCN obtained such knowledge.

**NOTICE OF JURISDICTIONAL 30(b)(6) DEPOSITION**          **Page 7**
**OF DEFENDANT THE COLLEGE NETWORK, INC.**

2.      TCN's registration (or other acquisition) and use of each COLLEGE-NET Domain Name registered or acquired by TCN, including without limitation the dates of such registration or acquisition, the content of any web page or website accessible via such COLLEGE-NET Domain Name, and the use of such COLLEGE-NET Domain Name for e-mail.

3.      The nature and terms of any contractual relationship between TCN and any person that has lived, worked, or resided in Oregon, at any time from 1995 to the present, including the dates such relationships began and ended.

4.      The training and job description for, and actions undertaken on TCN's behalf by, any "Program Advisor" or other TCN employee or independent contractor that has lived, worked, or resided in Oregon, at any time from 1995 to the present.

5.      Any revenue, gross and net profit, unit sales volume, dollar sales volume, costs, expenses, or other financial data attributable to sales or licenses from TCN to any Oregon resident or other person in Oregon, from 1995 to the present.

6.      Any revenue, gross and net profit, unit sales volume, dollar sales volume, costs, expenses, or other financial data attributable to sales or licenses from TCN to any Oregon resident or other person in Oregon of goods or services on which TCN has used any COLLEGE-NET Domain Name, from 1995 to the present.

7.      Any costs or expenses attributable to advertisements, promotions, or other marketing materials distributed or displayed in Oregon, or otherwise communicated to persons in Oregon or Oregon residents, from 1995 to the present.

8.      The nature and content of any TCN advertisements, promotions, or other marketing materials distributed or displayed in Oregon, or otherwise communicated to persons in Oregon or Oregon residents, from 1995 to the present.

**NOTICE OF JURISDICTIONAL 30(b)(6) DEPOSITION**                                    **Page 8**
**OF DEFENDANT THE COLLEGE NETWORK, INC.**

9.      The number, nature, date, and content of any request for information or other communication received by TCN from any person in Oregon or Oregon resident, including without limitation all communications from persons that select the "Oregon" option in any drop-down menu on any website accessible via any COLLEGE-NET Domain Name.

10.     The number and identity of persons in Oregon or Oregon residents that have requested information from TCN, sent communications to TCN, ordered goods or services from TCN, or visited any TCN website.

11.     TCN's business plans, strategic plans, operating plans, marketing plans, sales plans, promotional plans, advertising plans, and financial plans relating to advertising, sales, or licensing in Oregon.

12.     The content and authenticity of the documents produced by TCN in this case, whether produced in response to any CollegeNET document request or otherwise, and any other documents reasonably available to TCN that relate to any of the foregoing topics.