IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**COLLEGENET, INC.,**
a Delaware Corporation,

       Plaintiff,

v.

**THE COLLEGE NETWORK,**
an Indiana Corporation,

       Defendant.

08-CV-601-BR

OPINION AND ORDER

**MICHAEL N. ZACHARY**
**MICHAEL P. MATESKY II**
Klarquist Sparkman, LLP
600 University Street, Suite 2950
Seattle, WA 98101
(206) 264-2960

**SCOTT E. DAVIS**
**JOSEPH T JAKUBEK**
Klarquist Sparkman, LLP
121 S.W. Salmon St., Suite 1600
Portland, OR 97204
(503) 595-5300

       Attorneys for Plaintiff

1 -   OPINION AND ORDER

**EDWARD A. MERRILL**
243 S.W. Scalehouse Loop
Suite 1B
Bend, OR 97702
(541)382-7000

**JOHNATHAN G. POLAK**
**TRENT J. SANDIFUR**
Taft Stettinius & Hollister, LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
(317)_713-3500

        Attorneys for Defendant.

**BROWN, Judge.**

        This matter comes before the Court on Defendant The College Network, Inc.'s (TCN) Motion to Dismiss or, in the Alternative, to Transfer Venue (#20) and TCN's Motion to Stay Proceedings (#47) until Plaintiff CollegeNET, Inc.'s Motion to Dismiss now pending in *The College Network, Inc. v. CollegeNET, Inc*, 08-CV-0625-BLY, an action involving the same parties and substantially the same issues, is resolved.  TCN filed that action in the District Court for the Southern District of Indiana two days before Plaintiff CollegeNET, Inc., filed this action.

        For the following reasons, the Court **GRANTS** TCN's Motion to Stay Proceedings and **STAYS** further proceedings on TCN's Motion to Dismiss, or in the Alternative, to Transfer Venue.

2 -   OPINION AND ORDER

## BACKGROUND

Plaintiff CollegeNET, Inc., provides, *inter alia,* college-related computer database and information services, including online college application services.  CollegeNET owns the registered trademark "COLLEGENET" and operates a website under the domain name "COLLEGENET.COM".

TCN publishes and sells study guides to assist adult learners in completing their college course requirements.  TCN operates websites under the domain names "college-net.com," "college-net.net," "college-net.org," and "college-net.us."

In its Complaint,[1] CollegeNET contends TCN's domain names infringe CollegeNET's registered trademark under § 32(l) of the Lanham Act, 15 U.S.C. § 1114(1); violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(false designation of origin, description, false representation, and dilution); and common-law unfair competition and infringement.  Between August 2007 and May 2008, the parties engaged in numerous fruitless discussions as to whether TCN's domain names infringed CollegeNET's mark.

On May 14, 2008, TCN filed an action in the United States District Court for the Southern District of Indiana seeking a declaratory judgment that TCN's domain names do not infringe

---

[1] This case is the latest of eleven cases relating to intellectual property issues (patent and trademark infringement) and unfair competition filed since July 2000 by CollegeNET in the District of Oregon against alleged competitors.

3 -   OPINION AND ORDER

CollegeNET's trademark.

On May 16, 2008, CollegeNET brought this action in the District of Oregon alleging TCN's domain names constitute servicemark and trademark infringement under the Lanham Act.

On June 6, 2008, CollegeNET filed a motion to dismiss TCN's case in the Southern District of Indiana on the ground that the action was filed in that district solely to avoid litigating the matter in the District of Oregon where it allegedly belongs. That motion is now under advisement in the Southern District of Indiana.

On July 18, 2008, TCN filed a Motion to Dismiss this action in the District of Oregon for lack of personal jurisdiction, or in the Alternative, to Transfer Venue to the Southern District of Indiana. On October 9, 2008, TCN filed a Motion to Stay further proceedings in the District of Oregon pending the outcome of CollegeNET's Motion to Dismiss in the Southern District of Indiana.

## TCN'S MOTION TO STAY PROCEEDINGS

TCN moves to stay proceedings in this Court on the ground that TCN's action in the Southern District of Indiana was filed first, and the district court there should have the opportunity to rule on CollegeNET's pending motion to dismiss before the District of Oregon matter proceeds. The Court agrees.

4 -   OPINION AND ORDER

**I.    The "First-to-File" Rule.**

Under the first-to-file rule, a district court may transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court.  *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991).  The rule may be invoked when the similar complaint involves the same parties and issues.  *Id*. at 625.  The purpose of the rule is to avoid placing an unnecessary burden on the federal judiciary and to avoid potentially conflicting judgments.  *Church of Scientology v. U.S. Dep't of the Army,* 611 F.2d 738, 750 (9th Cir. 1979).  A court, therefore, should consider whether efficiency is served by applying the rule.  *Id.  See also Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir. 1982).  On the other hand, if there is evidence of bad faith or anticipatory lawsuit and forum shopping, a court may refuse to invoke the rule.  *Alltrade,* 946 F.2d at 628.  The decision and discretion whether to apply the e rule belong to the district court.  *Id*.

If the first-to-file rule is applied, the court in which the second lawsuit was filed may, in the exercise of its discretion, transfer, stay, or dismiss the proceeding in order to allow the court in which the first lawsuit was filed to decide whether to try the case.  *Id*.

5 -   OPINION AND ORDER

**II.  Analysis**.

The record reflects the District Court for the Southern District of Indiana has CollegeNET's motion to dismiss TCN's complaint in that jurisdiction under advisement.  The issues involved in that action and in the pending motion to dismiss are the same as the issues presented here in Oregon.  To avoid potential conflicting decisions and to conserve judicial resources and those of the parties, this Court, in the exercise of its discretion, stays proceedings in this matter until the court in the Southern District of Indiana resolves the motion to dismiss pending in that court.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant TCN's Motion to Stay Proceedings (#47) in the District of Oregon. Accordingly, the Court **STAYS** further proceedings in this matter, including resolution of Defendant TCN's Motion to Dismiss, or in the Alternative, to Transfer Venue (#20).  The parties shall submit a joint status report to this Court no later than ten (10) days after the issuance of an opinion resolving this matter in the Southern District of Indiana or by December 1, 2008,

whichever occurs first.

    IT IS SO ORDERED.

    DATED this 23rd day of October, 2008.


                                                  /s/ Anna J. Brown

                                                  ANNA J. BROWN
                                                  United states District Judge

7 -   OPINION AND ORDER