IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COLLEGENET, INC.,                              08-CV-601-BR
a Delaware Corporation,

                                               OPINION AND ORDER

          Plaintiff,

v.

THE COLLEGE NETWORK,
an Indiana Corporation,

          Defendant.


MICHAEL N. ZACHARY
MICHAEL P. MATESKY II
Klarquist Sparkman, LLP
600 University Street, Suite 2950
Seattle, WA 98101
(206) 264-2960

SCOTT E. DAVIS
JOSEPH T JAKUBEK
Klarquist Sparkman, LLP
121 S.W. Salmon St., Suite 1600
Portland, OR 97204
(503) 595-5300

          Attorneys for Plaintiff


1 -  OPINION AND ORDER

**EDWARD A. MERRILL**
243 S.W. Scalehouse Loop
Suite 1B
Bend, OR 97702
(541) 382-7000

**JOHNATHAN G. POLAK**
**TRENT J. SANDIFUR**
Taft Stettinius & Hollister, LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204
(317) 713-3500

   Attorneys for Defendant


**BROWN, Judge.**

  This matter comes before the Court on Defendant The College Network, Inc.'s (TCN) Motion (#20) to Dismiss or in the Alternative, to Transfer Venue of this action to the Southern District of Indiana.  On September 15, 2008, TCN withdrew that portion of its Motion to Dismiss based on its assertion that this Court lacked personal jurisdiction over TCN.  Accordingly, TCN only moves for transfer of venue to the Southern District of Indiana.

  For the reasons that follow, the Court **DENIES** TCN's Motion.


<u>**FACTUAL BACKGROUND**</u>

  CollegeNET provides, *inter alia,* college-related computer database and information systems, including online college-application services.  CollegeNET owns the registered trademark

2 -  OPINION AND ORDER

"COLLEGENET" and operates a website under the domain name
"COLLEGENET.COM."

TCN publishes and sells study guides to assist adult
learners in completing their college-course requirements.  TCN
operates websites in which it uses the domain names "college-
net.com," "college-net.net," "college-net.org," and "college-
net.us."

CollegeNET alleges TCN's use of the above domain names
(1) infringes CollegeNET's registered trademark under § 32(l)
of the Lanham Act, 15 U.S.C. § 1114(1); (2) violates § 43(a)
of the Lanham Act, 15 U.S.C. § 1125(a)(false designation of
origin, description, false representation, and dilution); and
(3) constitutes common-law unfair competition and infringement.


## PROCEDURAL BACKGROUND

On May 14, 2008, two days before CollegeNET filed this
action, TCN filed a complaint in the United States District Court
for the Southern District of Indiana seeking a declaratory
judgment that TCN's domain names do not infringe CollegeNET's
trademark.

On June 6, 2008, CollegeNET moved to dismiss TCN's action in
Indiana on the ground that it was filed there solely to avoid
litigating the matter in the District of Oregon where CollegeNET
alleges it belongs.

3 -  OPINION AND ORDER

On July 18, 2008, TCN filed the pending Motion to Dismiss in this Court.  As noted, on September 15, 2008, TCN withdrew that part of its Motion relating to personal jurisdiction.

On October 23, 2008, this Court stayed further proceedings on the pending Motion to await a ruling by the District Court in the Southern District of Indiana as to whether venue was proper in that jurisdiction.

On November 5, 2008, the District Court for the Southern District of Indiana granted CollegeNET's motion to dismiss TCN's complaint.  In its order, the court concluded TCN filed its action in the Southern District of Indiana solely "to wrest control of the choice of forum from CollegeNET, the 'natural' plaintiff in this matter."  Joint Status Report (#52), Ex. A at 7.  The court rejected TCN's argument that venue should be in Indiana under the "first-to-file" rule and declined to "reward TCN for winning a race to the courthouse using the methods it employed by delaying in responding to a settlement proposal."  Joint Status Report (#52), Ex. A at 7-8.

This Court then stayed further proceedings in this case pending the outcome of the parties' settlement discussions.  On July 10, 2009, the parties jointly reported they were unable to reach a settlement.

## STANDARDS

28 U.S.C. § 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to a district court in any other district or division where it might have been brought.

The decision to transfer venue under this section is within the discretion of the district court based on individualized, case-by-case considerations of convenience and fairness. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000), *cert. denied,* 531 U.S. 928 (2000). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp v. Gilbert,* 330 U.S. 501, 508 (1947).

The court must consider both private and public interest factors affecting the convenience of the forum. *Gherebi v. Bush*, 352 F.3d 1278, 1302 (9th Cir. 2003).

Private factors include the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses; possibility of view of premises if it would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Id.* (quoting *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947)).

5 - OPINION AND ORDER

Public-interest factors include administrative difficulties flowing from court congestion, local interest in having local controversies decided at home, the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action, the avoidance of unnecessary problems in conflict of laws or the application of foreign law, and the unfairness of burdening citizens in an unrelated forum with jury duty. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n.6 (1981) (quoting *Gulf Oil Corp.,* 330 U.S. at 509).

## DISCUSSION

The only issue now before this Court is whether venue of this case should be transferred to the Southern District of Indiana based on the convenience of the parties and in the interests of justice.

## 1.   Private-Interest Factors.

TCN contends most of its witnesses, both employees and non-employees, are located in Indiana.  They will testify about the formation, development, and maintenance of the TCN websites; the number of customers generated by TCN websites; and TCN's financial history.  Some of them are not subject to compulsory process and may be unwilling to travel to Oregon to testify on TCN's behalf.  Moreover, TCN contends the cost of producing

6 -  OPINION AND ORDER

willing witnesses militates in favor of transfer of the case to Indiana.

CollegeNET, however, presents evidence that TCN and related parties have extensive contacts with Oregon, including employees and contractors living in Oregon, substantial contracts with Oregon residents, marketing activities in Oregon, and the ready access of Oregon residents to TCN websites.  CollegeNET asserts TCN's "Oregon-based contractors and employees have key information and documents regarding [TCN's] allegedly infringing activities."  In addition, according to CollegeNET, "witnesses knowledgeable about . . . the scope and priority of CollegeNET's rights" in its trademark and "damages arising from TCN's conduct" reside in Oregon.

On balance, the Court concludes this factor is at least evenly balanced and, therefore, does not favor transfer of this case to the Southern District of Indiana.  In any event, to the extent Indiana-based witnesses are needed for trial in Oregon, it is possible that their testimony may be presented via satellite-conferencing such that unwilling witnesses may not need to travel to Oregon to participate.

**2.    Public-Interest Factors.**

TCN contends the "parallel action in the Southern District of Indiana" was "further advanced than the present action."

7 -  OPINION AND ORDER

As noted, however, the district court in Indiana rejected transfer of venue.  At this stage, transfer of the case back to the Southern District of Indiana would delay rather than expedite the final resolution of this matter.

TCN also contends the Southern District of Indiana's docket is slightly less congested than the docket of Oregon, "the localized interest in having localized controversies decided at home" supports resolution of the case in Indiana, and Indiana residents have a greater stake than Oregon residents in the outcome of this matter.  According to TCN, it would be unfair, therefore, to burden Oregon residents with jury duty because their "connection" with the litigation "is much less" than that of Indiana jurors.

CollegeNET contends court congestion in both districts is at best a neutral factor, and Oregon residents and/or potential jurors have as much stake in the outcome of this case as Indiana residents.

On this record, the Court concludes TCN has failed to present any public-interest reason that would support transfer of this case to the Southern District of Indiana.  Moreover, the rationale of the district court for the Southern District of Indiana in rejecting venue there and refusing to "reward TCN for winning a race to the courthouse using the methods it employed by

delaying in responding to a settlement proposal" by CollegeNET strongly militates against transfer of this case back to that district.

**CONCLUSION**

For these reasons, the Court **DENIES** The College Network, Inc.'s Motion (#20) to Dismiss or in the Alternative, to Transfer Venue of this action to the Southern District of Indiana.

IT IS SO ORDERED.

DATED this 22nd day of September, 2009.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United states District Judge

9 - OPINION AND ORDER